UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Mason Motor Company, Inc.,　　　　　　　　　　　　　　　　　Civil No. 04-5071 ADM/AJB

　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER ON MOTIONS AND**
v.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　　　　　　　　　**ON DEFENDANT'S MOTION TO**
DaimlerChrysler Motors　　　　　　　　　　　　**DISMISS AND PLAINTIFF'S MOTION**
Company, LLC,　　　　　　　　　　　　　　　　　**FOR SUMMARY JUDGMENT**

　　　　　　　　Defendant.


　　　　　　　This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's

motion to dismiss Count I of the amended complaint [Docket No. 23], and on plaintiff's motion for

summary judgment on Count I of the amended complaint [Docket No. 29].  Plaintiff alternatively

moves for injunctive relief with respect to claims alleged in the amended complaint.  With regard to

plaintiff's motion for summary judgment, defendant has moved to strike the affidavit of  R.W. Mason,

Jr. [Docket No. 48] and has also moved for permission to file an additional declaration in opposition to

the motion for summary judgment in the event that the motion to strike R.W. Mason, Jr.'s affidavit is

denied [Docket No. 59].  Plaintiff does not oppose allowing defendant to submit an additional

declaration.  The case has been referred to the undersigned United States Magistrate Judge for report

and recommendation pursuant to 28 U.S.C. § 636.  Hearing was held on October 6, 2005, at the U.S.

Courthouse, 180 East Fifth Street, St. Paul, Minnesota 55101.  Plaintiff is represented by J. Michael

Dady, Esq., and Danell K. Olson, Esq.  Defendant is represented by Qwen J. Young, Esq., Stephen

K. Warch, Esq., and Tracy J. Van Steenburgh, Esq.

Based upon the file and documents contained therein, including memorandums, affidavits, and exhibits, and in consideration of arguments presented at hearing:

**IT IS HEREBY ORDERED** that defendant's motion to strike the affidavit of R.W. Mason, Jr. on grounds that the affidavit was not timely filed is **denied** [Docket No 48], and defendant's motion to file an additional declaration in opposition to the motion for summary judgment is **granted** [Docket No. 59].  The court finds that the affidavit of R.W. Mason, Jr. is pertinent to matters raised in plaintiff's reply memorandum to which it was attached; that any procedurally based prejudice arising out of the filing is adequately remedied by permitting defendant to file the requested declaration; and that consideration of the affidavit and declaration may facilitate a proper determination on the merits of the motion for summary judgment.

Therefore, based upon the entire record in this matter, the Magistrate Judge makes the following **RECOMMENDATION**:

It is hereby recommended that:

1. Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint be **denied**  [Docket No. 23]; and

2. Plaintiff's Motion for Summary Judgment, or, in the alternative, Plaintiff's Motion for Preliminary Injunctive Relief be **granted in part and denied in part** [Docket No. 29].  It is recommended that plaintiff's motion for summary judgment be granted and that plaintiff's alternative motion for injunctive relief be denied as moot.

Dated:    January 26, 2006    

                                                                    s/ Arthur J. Boylan

Arthur J. Boylan<br>
United States Magistrate Judge

## MEMORANDUM

**Background and Claims**

Plaintiff Mason Motor Company is a long-time automobile dealership located in Shakopee, Minnesota. Pursuant to franchise agreements with defendant DaimlerChrysler Motors Company plaintiff sells the Chrysler and Jeep vehicle lines.[1] This action arises out of defendant's proposal to establish another Chrysler–Jeep dealership in the Shakopee market area, and is based upon the existing dealership's statutory right to receive notice and to oppose a vehicle manufacturer's establishment of an additional franchise within the relevant market area in which the vehicle line is already represented. Minn. Stat. § 80E.14.[2] By letter dated December 7, 2001,[3] defendant

---

[1] Amended Complaint, Exhibit A, Sales and Service Agreement dated May 13, 1993, and Exhibit C, correspondence dated March 6, 2001, confirming appointment of Jeep dealership franchise. [Docket No. 21]. Also, defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A, Declaration of James W. Johnson, Tab 3, Jeep Sales and Service Agreement dated January 30, 2002. [Docket No. 41].

[2] Minn. Stat. § 80E.14, subd. 1 provides:

> In the event that a manufacturer seeks to enter into a franchise establishing an additional new motor vehicle dealership or relocating an existing new motor vehicle dealership within or into a relevant market area where the line make is then represented, the manufacturer shall, in writing, first notify each new motor vehicle dealer in this line-make in the relevant market area of the intention to establish an additional dealership or to relocate an existing dealership within or into that market area. The relevant market area is a radius of ten miles around an existing dealership. Within 30 days of receiving the notice or within 30 days after the end of any appeal procedure provided by the manufacturer, the new motor vehicle dealership may commence a civil action in a court of competent jurisdiction pursuant to section 80E.17 challenging the establishing or relocating of the new motor vehicle dealership. . . . .   Thereafter the manufacturer shall

DaimlerChrysler provided plaintiff with notice of its intent to establish the Chrysler and Jeep vehicle lines within plaintiff's market area. The notice specifically identified 1684 Weston Court, Shakopee, MN, as the intended location of the vehicle lines, but did not state a date upon which the notice would expire. Plaintiff Mason Motors did not protest the establishment of the vehicle lines as indicated in the notice. The anticipated Jeep dealership at 1684 Weston Court did not materialize, and on October 29, 2004, nearly three years after the first notice, defendant sent another notice letter[4] to plaintiff, therein acknowledging the prior notice, as well as plaintiff's lack of protest with regard to the December 2001 notice. This second notice indicated that DaimlerChrysler now intended to establish the Chrysler and Jeep vehicle lines at 1615 Weston Court, Shakopee, MN, a property adjacent to the earlier noticed site and the location of a Dodge dealership established by defendant in 2002. In response to the second notice Mason Motor commenced the present action by state court summons and complaint dated November 24, 2004.[5] The action was removed to federal court on December 23, 2004. Defendant subsequently advised the plaintiff that it now intends to establish the Chrysler and Jeep lines at the initially noticed location, 1684 Weston Court, pursuant to the December 2001 notice. Defendant has further stated its position that plaintiff could not protest the most recent vehicle line establishment

---

        not establish or relocate the proposed new motor vehicle dealership unless the court has determined that there is good cause for permitting the establishment or relocation of the motor vehicle dealership.

  [3] Amended Complaint, Exhibit D.

  [4] Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A, Declaration of James W. Johnson, Tab 6.

  [5] Notice of Removal, attached summons and complaint. [Docket No. 1].

decision because no protest was made within 30 days following the December 7, 2001, notice.[6]

Mason Motors thereafter advised the defendant, and takes the position in Count I of the amended complaint, that defendant is required to provide new notice of its intent to establish the Chrysler and Jeep vehicle lines at the 1684 Weston Court location. In Count II of the amended complaint plaintiff seeks declaratory and injunctive relief with respect to the subsequently noticed intention by defendant to establish Chrysler and Jeep vehicle lines in the Shakopee market area.

**Motions and Standards of Review**

   **Dismissal of Claim.**  Defendant has moved to dismiss the action, asserting that under the circumstances of this case DaimlerChrysler has complied with § 80E.14 notice requirements and owes no further notice obligation as a matter of law. Defendant does not expressly base its motion on Fed. R. Civ. P. 12, but does assert failure to state a claim upon which relief can be granted, a Rule 12(b) defense, as grounds for dismissal. An answer has been filed in this action, and defendant is essentially seeking judgment on the pleadings which should be granted if the moving party clearly establishes that there are no material fact issues and it is entitled to judgment as a matter of law. Porous Media Corporation v. Pall Corporation, 186 F.3d 1077, 1079 (8th Cir. 1999). The reviewing court must take all well pleaded allegations as true and in the light most favorable to plaintiff. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999). However, the court is not required to accept the legal conclusions drawn by the pleader from those facts. Thompson v. Olsten Kimberly Qualitycare, Inc., 980 F.Supp. 1035, 1037 (D. Minn. 1997). In considering a motion for judgment on

---

[6] Amended Complaint, para. 36.

the pleading (or a motion to dismiss for failure to state a claim) the court typically does not review matters outside the pleadings, but may consider materials that are part of the public record or do not contradict the complaint, along with materials that are necessarily embraced by the pleadings. Porous Media Corporation at 1077. Despite the general rule that only facts alleged in the complaint are considered by the court on a motion to dismiss, exhibits attached to the complaint may be considered in determining the sufficiency of the pleading. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**Summary Judgment.** When matters outside the pleadings are presented with a motion to dismiss or a motion for judgment on the pleadings, and those matters are not excluded by the court, the motion should be treated as a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(b)(6) and 12(c). Plaintiff contends that certain fact considerations are important to the determination in this matter. Therefore, plaintiff offers facts and materials outside the complaint in opposition to defendant's motion to dismiss and in support of a motion for summary judgment on its Count I claim that the initial statutory notice is ineffective; the required notice was therefore not provided; and that new notice, with a 30-day protest period, is required. Defendant, as noted above, has moved for dismissal based upon a limited factual record, asserting that plaintiff's extraneous submissions do not create material fact issues in light of the clear meaning of the statute. Nonetheless, with respect to plaintiff's motion for summary judgment defendant offers its own submissions outside the pleadings and contends that there are genuine issues of material fact which preclude summary judgment in plaintiff's favor.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party

has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2553 (1986).  In its review of the facts the court must consider the evidence in the light most favorable to the party opposing summary judgment.  Kneibert v. Thomson Newspapers, Michigan, Inc., 129 F.3d 444, 451 (8th Cir. 1997). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).   In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts.  The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but  . . .  must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11, Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e).  Evidence must be presented to defeat a properly supported summary judgment motion and a party may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 106 S.Ct. at 1356 (citation omitted).

**Discussion**

As noted above, on its motion to dismiss defendant DaimlerChrysler relies upon the straightforward argument that it fully complied with the Minn. Stat. § 80E.14 notice requirement for establishment of Chrysler and Jeep vehicle lines in the plaintiff's market area; the plaintiff dealership did

not commence a protest suit within the 30-days allowed under the statute; and plaintiff therefore has no legal basis for its present objection to the establishment of those vehicle lines. In response plaintiff Mason Motors contends that the defendant manufacturer abandoned the December 7, 2001, notice to establish vehicle lines at 1684 Weston Court by virtue of the language used in the October 29, 2004, notice[7] of intent to establish vehicle lines at 1615 Weston Court. In addition, plaintiff insists that new notice is required due to the passage of time, along with material changes in relevant market conditions which occurred in the more than three years that elapsed since the first notice was provided. Meanwhile, defendant argues that plaintiff's position essentially asks the court to improperly interpret the statute to contain certain provisions by mere inference. Indeed, defendant acknowledged at hearing that the manufacturer interprets the statute to give essentially perpetual effect to its unprotested notice, without regard to the passage of time or changes in market circumstances.[8]

Defendant's October 29, 2004, letter notice is contained in the pleadings in this matter as an attachment to the initial complaint and is properly considered on this motion to dismiss. Plaintiff asserts that the notice expresses the manufacturer's abandonment of the prior notice while the defendant contends that the new notice simply had no operative effect on the earlier notice. It is the court's determination that DaimlerChrysler's position regarding interpretation of its second notice letter

---

[7] Notice of Removal, Complaint, Exh. A [Docket No. 1]. Exhibit A states:

"DaimlerChrysler Motors Company LLC ("DCMC") previously notified you that DCMC intended to establish the Chrysler and Jeep vehicle lines at 1684 Weston Court, Shakopee, MN that you did not protest. This letter is to notify you that DCMC intends to establish the Chrysler and Jeep vehicle lines at an adjacent property with the address of 1615 Weston Court, Shakopee, MN."

[8] Hearing Transcript, pp. 26-28.

stretches the application of reason beyond the limits of practicality, and in particular, the self-serving reference to Mason Motors Company's failure to protest the December 2001 notice has no legal significance. Consequently, defendant has not shown that the December 7, 2001, notice remains effective as a matter of law or that dismissal of this action on statutory grounds is required.

Dismissal of the complaint in this action would require that the court conclude both that Minn. Stat. § 80E.14 subd. 1 makes no statutory accommodation for termination of notice and that a presently effective notice has been provided to the dealer as a matter of law. A decision adverse to the defendant manufacturer on the statutory interpretation issue precludes immediate dismissal of the case, but is not itself fatal to the manufacturer's case. However, if there is no valid notice in existence with respect to establishment of Chrysler and Jeep vehicle lines at 1684 Weston Court, defendant's motion to dismiss must be denied, and plaintiff is entitled to summary judgment on its lack of notice claim.

With regard to the initial issue, construction of Minn. Stat. § 80E.14 to reflect reasonable time limits on the effectiveness of notice provided to an existing automobile dealer by a manufacturer does not entail rewriting the statute to impose terms that were not intended. Where a statute is silent as to time frames, the statute may be viewed as ambiguous, and the court will look to other indicators of legislative intent, as well as the statutory language, in interpreting the statute. Burkstrand v. Burkstrand, 632 N.W.2d 206, 210 (Minn. 2001). In the present instance the particular statute at issue, Minn. Stat. § 80E.14 subd. 1, is literally neutral with respect to the effective life span of a manufacturer's notice of intent to establish competing vehicle lines. However, Minn. Stat. § 80E.01 asserts the state's interest in protecting and preserving the investments and properties of the citizens of this state, and § 80E.02 states that the pertinent statutes apply to the contractual relationships between

9

motor vehicle dealers and manufacturers. Furthermore, Minn. Stat. § 80E.14 subd. 2 recites, without limitation, a variety of economic and market related circumstances to be considered by the court in determining whether a manufacturer should be allowed to establish an additional franchise for the same vehicle line. Also, the court presumes that legislature has acted with reason and common sense and did not intend an absurd result in light of the purpose of the statute. Smith's Cycles, Inc. v. Alexander, 219 S.E.2d 282, 284 (N.C. App. 1975). It is clearly the intent of the legislature to protect the investment and properties of existing dealerships in the state, and it is equally clear to the court that the legislature intended that a manufacturer's request for the establishment of potentially competing dealerships be considered in the context of presently relevant economic circumstances and market conditions. Defendant's position such that time is of no consequence in the interpretation of the statute runs contrary to the express legislative intent, essentially placing the manufacturer's interest above that of the dealer and ignoring the effects of changing market conditions. Of course, a manufacturer is entitled to some measure of certainty with regard to the duration of the effectiveness of a notice of intent to establish a vehicle line, but a standard of reasonableness can hardly be considered oppressive, and there is no apparent bar to the designation of specific time limits within the notice itself. See Boston Car Company v. Acura Automobile Division, 971 F.2d 811, 818 (1st Cir. 1992)(discussing Smith's Cycles, Inc. v. Alexander, 219 S.E.2d 282). Rather, the absence of such time limits in the statute may merely reflect the legislature's determination that such matters are best addressed in the individual cases which can be largely controlled by the parties themselves. There is no compelling reason to suspect that dealers would be inclined towards frequent and unwarranted litigation to require manufacturer re-noticing and renewed opportunities to protest the establishment of vehicle lines. The court does not

conclude that Minn. Stat. § 80E.14 subd. 1 must be interpreted to give continuing effect to the manufacturer's December 7, 2001, notice as a matter of law, and defendants' motion for dismissal should therefore be denied.

**Summary Judgment**

On plaintiff's summary judgment motion the fundamental assertions made on motion to dismiss are repeated with respect to interpretation and application of Minn. Stat. § 80E.14 subd. 1. In addition, however, defendant argues that even if the court determines that the matter should not be dismissed, summary judgment for the plaintiff is not appropriate because genuine material fact issues remain as to whether there has actually been an abandonment of notice and whether changes in economic and marked conditions have occurred.

**Abandonment of Notice.** With regard to abandonment of notice defendant offers the declaration of Dealer Placement Administration Manager James W. Johnson to establish a material fact question.[9] In his declaration Mr. Johnson asserts that alternative dealership sites were being considered and that the manufacturer did not abandon its intent to establish a Chrysler Jeep dealership at the original location,[10] 1684 Weston Court. The court finds the declaration to be self-serving, conclusory, and inadequate to establish the existence of a genuine issue of material fact with respect to the legal effect of the notice and whether the prior notice was abandoned. The court need only to examine the October 29, 2004, notice itself to conclude that notice provided more than three years earlier is null.

---

[9] Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Exh. A.

[10] Id., ¶¶ 11 and 12.

11

The latter notice rather coyly reminded the dealer that a previous notice had been given, but references the prior notice in the past tense. The second notice further reminds the dealer that there had been no protest, but contains no affirmative assertion that the manufacturer actually considered the prior notice to be presently in effect, though perhaps defendant was seeking to encourage a like response from the dealer or to further the impression that the doubtful possibility of continuing effective notice did in fact exist. Such an interpretation would require the plaintiff, and the court, to accept the untenable position that on October 29, 2004, the manufacturer actually had a present intention to establish the Chrysler and Jeep vehicle lines at two separate, yet adjacent locations in Shakopee. The court finds that defendant is advancing an interpretation and application of the statute that defies reason and good sense and therefore declines to adopt the theory that Minn. Stat. § 80E.14 allows a manufacturer to manipulate multiple notices with respect to the actual location(s) of an intended vehicle line, thereby using the notice requirement to foster confusion rather that certainty. Therefore, the court concludes as a matter of law that Daimler Chrysler's October 29, 2004, letter to plaintiff constituted notice to the dealer that the manufacturer intended to establish vehicle lines only at 1615 Weston Court, Shakopee, MN, and at that moment defendant did not intend to establish vehicle lines at 1684 Weston Court. Plaintiff's motion for summary judgment should be granted on grounds that the 1684 Weston Court notice dated December 7, 2001, is no longer effective.

**Market Conditions.** In addition to its abandonment claim plaintiff insists that the 1684 Weston Court notice cannot be found to have continuing effect because significant time has passed and relevant market and economic conditions have changed, thereby negating the initial notice by defendant and requiring new notice and opportunity to protest. Defendant reasserts its position that market

condition changes are not pertinent to the notice issue, and contends that in any event, plaintiff has not presented evidence of a change in market circumstances that would justify summary judgment for the dealer.

As factual support for its position plaintiff puts forth the affidavit of R.W. Mason, Jr.[11] The affidavit describes circumstances whereby Mason Motor Company, Inc. obtained the Jeep vehicle line in January 2002, following its agreement[12] to not protest the notice of establishment of a Chrysler Jeep vehicle lines at a new dealership to be operated by a specified private individual[13] at the 1684 Weston Court location. Plaintiff did not protest the notice. However, those vehicle lines were not established at that location at that time, although a Chrysler owned Dodge dealership was established in 2002, at the adjacent 1615 Weston Court location. Plaintiff argues that the difference in ownership structures of the initially proposed Chrysler Jeep dealership and the one now on the table represents a substantial change in market conditions. Plaintiff also submits Chrysler generated statistics on vehicle sales to support a claim of material changes in market share. Defendant challenges the application of the proffered sales statistics in this instance and further insists that any change in proposed ownership of

---

[11] [Docket No. 46]. Affidavit of R.W. Mason, Jr., filed and served with Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

[12] Amended Complaint, Exh. B, letter dated October 1, 1999, from R.W. Mason to ChryslerDaimler Motors Corp., and Exh. C, letter dated March 6, 2001, from R.W. Mason to Mike Ibarra, ChryslerDaimler Motors Corp. Waiver of the dealer's right to protest establishment of vehicle lines was requested and given despite the explicit prohibition against waiver at Minn. Stat. § 80E.135. The court is not required to consider the legal effect of the waiver or the statute in making its determination in this matter.

[13] Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A, Declaration of James W. Johnson, Tabs 4 and 5.

a new dealership does not constitute a change in market conditions, or at a minimum signifies the existence of a fact dispute on that issue.

The fact dispute that is arguably presented by this evidence does not preclude summary judgment and actually supports the plaintiff's contention that effective accommodation of the legislature's intention compels interpretation of the statutory notice provision to require consideration of relevant marked conditions at or near the time of the notice, and not conditions existing in the distant past or future. Smith's Cycles, Inc. v. Alexander, 219 S.E.2d 282, 284. The fact that changes have occurred over time may be presumed, and three plus years constitutes a significant lapse of time which itself may be an important factor in light of both local and national economic circumstances and automotive trends. In the present instance there is undisputed evidence that DaimlerChrysler established a Dodge dealership in the Shakopee area, and there is undisputed evidence that Mason Motor Company's decision to not protest the December 7, 2001, notice was based, at least in part, on the dealer's objectively justified understanding with respect to ownership of the new dealership. These differences in circumstances are sufficient to justify the requirement for new notice and opportunity to protest. Defendant's position on this issue would in effect seem to require the court to apply the Minn. Stat. § 80E.14 subd. 2 requirement that the court determine whether good cause has been shown for establishment of a new vehicle line, but without notice to the dealer and without input from the dealer. As a matter of law there has been sufficient change in economic circumstances and market conditions between December 7, 2001, and the present to effectively invalidate the 2001 notice of intent to establish Chrysler and Jeep vehicle lines at 1684 Weston Court, and the manufacturer must therefore provide new notice before proceeding with efforts to establish the vehicle lines at that location. Plaintiff

is entitled to summary judgment on market condition grounds as well as abandonment of notice grounds.