# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mason Motor Company, Inc.,

               Plaintiff,

                   **MEMORANDUM OPINION**

    v.                  **AND ORDER**
                            Civil No. 04-5071 ADM/AJB

DaimlerChrysler Motors Company, LLC,

               Defendant.

---

J. Michael Dady, Esq., and Danell K. Olson, Esq., Dady & Garner, P.A., Minneapolis, MN, for and on behalf of Plaintiff.

Tracy J. Van Steenburgh, Esq., and Stephen K. Warch, Esq., Halleland Lewis Nilan & Johnson, Minneapolis, MN, and Mark F. Kennedy, Esq., Gwen J. Young, Esq., and David J. Schaller, Esq., Wheeler Trigg Kennedy LLP, Denver, CO, for and on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant DaimlerChrysler Motors Company, LLC's ("Defendant" or "Chrysler") Objections [Docket No. 75] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 73] of January 26, 2006. The Magistrate Judge's R&R recommends that Plaintiff Mason Motor Company's ("Plaintiff" or "Mason Motor") Motion for Summary Judgment, or, in the Alternative, Plaintiff's Motion for Preliminary Injunctive Relief [Docket No. 29] be granted in part and denied in part, and Chrysler's Motion to Dismiss [Docket No. 23] be denied. For the reasons set forth below, the Objections are sustained in part and overruled in part, and the R&R is adopted in part and reversed in part. The procedural and factual background, described in the R&R, is incorporated by reference.

## II. DISCUSSION

### A.    Standard of Review

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>see also</u> D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>

### 1.    Motion to Dismiss

The R&R correctly interprets Defendant's Motion to Dismiss as seeking judgment on the pleadings, which should be granted if the moving party clearly establishes that no material fact issues exist and it is entitled to judgment as a matter of law.  <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999).  The reviewing court must view all well pleaded allegations as true and in a light most favorable to the plaintiff, <u>St. Croix Waterway Ass'n v. Meyer</u>, 178 F.3d 515, 519 (8th Cir. 1999), however, the court is not required to accept the legal conclusions drawn by the pleader.  <u>Thompson v. Olsten Kimberly Qualitycare, Inc.</u>, 980 F.Supp. 1035, 1037 (D. Minn. 1997).  Generally, in considering a motion for judgment on the pleadings, the court typically does not review matters outside the pleadings, but may consider materials that are part of the public record along with materials that are necessarily embraced by the pleadings.  <u>Porous</u>, 186 F.3d at 1079.

### 2.    Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec.

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion

for summary judgment, the Court views the evidence in the light most favorable to the

nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party

may not "rest on mere allegations or denials, but must demonstrate on the record the existence of

specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953,

957 (8th Cir. 1995).

**B.     Motion to Dismiss**

Defendant Chrysler's first objection avers that the R&R erred in determining that Minn.

Stat. § 80E.14 is ambiguous and concluding that the notice provision of the statute requires a

manufacturer to re-notice its intent to establish a new dealership when certain conditions occur.

Minn. Stat. § 80E.14 states in part:

> In the event that a manufacturer seeks to enter into a franchise establishing an additional
> new motor vehicle dealership or relocating an existing new motor vehicle dealership
> within or into a relevant market area where the line make is then represented, the
> manufacturer shall, in writing, first notify each new motor vehicle dealer in this line
> make in the relevant market area of the intention to establish an additional dealership or
> to relocate an existing dealership within or into that market area . . . . Within 30 days of
> receiving the notice or within 30 days after the end of any appeal procedure provided by
> the manufacturer, the new motor vehicle dealership may commence a civil action in a
> court of competent jurisdiction pursuant to section 80E.17 challenging the establishing or
> relocating of the new motor vehicle dealership . . . . Thereafter the manufacturer shall not
> establish or relocate the proposed new motor vehicle dealership unless the court has
> determined that there is good cause for permitting the establishment or relocation of the
> motor vehicle dealership.

The dispute over the statute is direct.  Defendant contends that the statute gives perpetual effect

3

to a notice that has been unprotested within the 30 day statutory period.  Plaintiff Mason Motor argues that the passage of time and material changes in market conditions since the original notice in 2001 requires new notice from Defendant.  Defendant contends that the statute is not ambiguous, but rather that the statute's silence on the issue of what conditions cause the notice to be ineffectual renders the issues raised by Plaintiff irrelevant to the adequacy of Defendant's 2001 notice.  Defendant further argues that principles of statutory construction do not allow the Court to read a time limit into Minn. Stat. § 80E.14.

As the R&R correctly concluded, the notice statute need not be rewritten to impose terms unintended by the legislature.  As held by the Minnesota Supreme Court in Burkstrand v. Burkstrand, a statute lacking time frames may be viewed as ambiguous.  632 N.W.2d 206, 210 (Minn. 2001).  In that instance, a court may use statutory language and other indicators of legislative intent to interpret the statute.  Id.  Here, Minn. Stat. § 84E.14 is neutral as to when the time period for which a manufacturer's notice of intent to establish a competing vehicle line expires.  Other portions of the statute, however, indicate that the legislature did not intend unappealed notices of new dealerships to maintain perpetually effective.  For example, Minn. Stat. § 80E.01 sets forth the state's interest in protecting and preserving the investments and properties of the state's citizens, which necessarily include existing dealerships.  Minn. Stat. § 80E.014 subd. 2, meanwhile, recites a number of economic and market related circumstances to be considered by the court in determining whether good cause exists for a manufacturer to add an additional franchise.  Finally, "Minnesota courts will not give effect to plain meaning if it produces an absurd result that plainly conflicts with the purpose of the legislation as a whole." Ittel v. Pietig, 705 N.W.2d 203, 206 (Minn. Ct. App. 2005), citing Olson v. Ford Motor Co., 558

N.W.2d 491, 494 (Minn. 1997); <u>see also</u> <u>Smith's Cycles, Inc. v. Alexander</u>, 219 S.E.2d 282, 284 (N.C. Ct. App. 1975) (holding that a similar North Carolina statute did not provide perpetual notice, and that such a conclusion would provide an absurd result unintended by the legislature).

Based on these principles and case law, the R&R concluded that it was the intent of the legislature that a manufacturer's request to establish a potentially competing dealership must be considered in the light of current relevant economic circumstances and market conditions.  Thus, a measure of reasonableness must be read into Minn. Stat. § 80E.14.  Although manufacturers require some measure of certainty in regard to the effectiveness of a notice of intent to establish a vehicle line, the R&R accurately notes that a standard of reasonableness in not oppressive. Finally, the absence of time limits may reflect the legislature's conclusion that the issue of time limits are best addressed in each individual case.  The R&R's explication of its position that Minn. Stat. § 80E.14 must be read with a condition of reasonableness is well-reasoned, and is adopted.  Defendant's Motion to Dismiss is denied.

### C.   Motion for Summary Judgment

In the alternative, Defendant argues that if its Motion to Dismiss is denied, the R&R erred in granting Plaintiff's Motion for Summary Judgment.  Defendant avers that the R&R did not correctly apply the summary judgment standard, and further erred in finding that Defendant abandoned the location referenced in the 2001 notice, that market changes are presumed after three years, and any change in ownership is sufficient to require new notice.  Because material fact disputes exist as to many of these issues, Defendant's Objection will be sustained, the R&R reversed, and Plaintiff's Motion for Summary Judgment denied.

In determining that no material factual issues exist, the R&R found that the declaration of

James W. Johnson, Defendant's Dealer Placement Administration Manager, was insufficient to create a genuine issue of material fact. That declaration states that at the time the second notice to Plaintiff was served in 2004, Defendant was considering two alternate locations for the new dealership. The R&R rejected this argument because it requires the Defendant to have had a present intention to establish two dealerships at separate, but adjacent, locations in Shakopee, Minnesota. The R&R's conclusion, however, involves interpretation of conflicting facts offered by Plaintiff and Defendant. Therefore, it is a factual dispute suitable for determination by a jury.

Additionally, the R&R concludes that market conditions have sufficiently changed since the 2001 notice to require Defendant to re-notice its intent to establish a new dealership. Minn. Stat. § 80E.14 subd. 2 identifies ten factors for analyzing market and economic conditions in determining whether good cause exists to establish a new dealership. These factors include the effect on the new motor vehicle retail business currently in the area, whether the new dealership would be injurious to current dealers of the same brand in the market area, and whether the current dealerships of the same brand are providing adequate market penetration, representation, competition, and consumer care for their customers. The statute, however, does not limit the factors a court may consider to the ten listed. Here, the evidence relied upon by Plaintiff includes changes in the potential ownership of the proposed dealership and statistics generated by Defendant on vehicle sales; while Defendant challenges the application of the sales statistics and argues any proposed change in ownership is irrelevant to the analysis. The R&R concludes that over a three year period, the fact that changes have occurred over time may be presumed. This Court is unwilling to say as a matter of law, however, that the passage of time alone is sufficient to presume changes in the relevant market and economic conditions that require

Defendant to re-notice its intention to establish a new dealership.  Given the inherently individual nature of determining whether in a particular instance re-notice is required, the Court is hesitant to summarily decide this issue as a matter of law considering the lack of a factual record on the matter.  Therefore, Defendant's Objections to the R&R's decision on Plaintiff's Motion for Summary Judgment is sustained, and the Motion for Summary Judgment is denied.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant DaimlerChrysler Motors Company, LLC's Objections [Docket No. 75] are **SUSTAINED** in part and **OVERRULED** in part;

2.      Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 73] is **ADOPTED** in part and **REVERSED** in part;

3.      Defendant DaimlerChrysler Motors Company, LLC's Motion to Dismiss [Docket No. 23] is **DENIED**; and

4.      Plaintiff Mason Motor Company's Motion for Summary Judgment, or, in the Alternative, Plaintiff's Motion for Preliminary Injunctive Relief [Docket No. 29] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 23, 2006.

7